IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSINA A. VACCHIANO          :

    Plaintiff,              :

                                      Case No. 3:06cv342
    vs.                     :
                                      JUDGE WALTER HERBERT RICE

JOHN E. POTTER, POSTMASTER   :
GENERAL, UNITED STATES POSTAL
SERVICE, *et al.*,           :

    Defendants.             :

---

**DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #21) AND OVERRULING, AS MOOT, JOINT MOTION TO CONTINUE TRIAL (DOC. #31); JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY**

---

The Plaintiff, Rosina A. Vacchiano, brings suit against Defendant John E.

Potter, the Postmaster General of the United States Postal Service ("USPS") (Potter

referred to herein as "Postmaster General" or "Postmaster").[1] Doc. #1 (Compl.).

---

[1]The Plaintiff's Complaint originally contained four claims against the following four Defendants: the Postmaster General, the USPS, Terri J. Scott (Manager, Distribution Operations, Dayton Processing and Distribution Center) and Patricia Short (Human Resources Specialist, Cincinnati District of the United States Postal Service). Doc. #1. By stipulated Order dated June 1, 2007, the Court dismissed the third and fourth claims (Bivens claim and state law retaliatory discharge claim) against all Defendants, and struck the Plaintiff's claim for punitive damages. Doc. #14. By that same Order, the Court also dismissed the first and second claims (violation of Rehabilitation Act and federal claim for retaliatory discharge) against all Defendants except the Postmaster General. Id. Thus, the only claims remaining are the first and second claims against the Postmaster

The USPS employed Vacchiano until 1998, when she stopped working as a result of various work-related injuries.[2] Doc. #21-1 at 2 (Scott Decl. ¶ 6). On May 23, 2000, the USPS offered Vacchiano a different job, which purportedly accommodated her physical limitations. Doc. #23 at 14 (Vacchiano Dep. at 53); id. at 46 (USPS Ltr., dtd. May 23, 2000). Vacchiano refused this job offer, believing that it did not accommodate her disabilities. Id. at 9 (Vacchiano Dep. at 32). On May 4, 2001, the USPS offered Vacchiano another position, which also purportedly accommodated her physical limitations and which she also refused, believing it did not. Id.; id. at 51 (USPS Ltr., dtd. May 4, 2001).

In due course, Vacchiano applied for workers' compensation benefits and, in February 2002, the Office of Workers' Compensation Programs ("OWCP") notified her that it had determined that both of the aforementioned job offers were "suitable" and, thus, denied her claim based on her refusal to take said jobs. Id. at 16 (Vacchiano Dep. at 54-58); id. at 55 (OWCP Ltr., dtd. Feb. 2002). A year later, Vacchiano filed another application for workers' compensation benefits. Doc. #21-2 (Scott Decl.) ¶ 15. On February 24, 2003, the OWCP informed Vacchiano that her claim had once again been denied. Id. ¶ 19, Ex. 7.

On April 18, 2003, Vacchiano first contacted an Equal Employment

---

General.

[2] When ruling on the Defendant's Motion, the Court will consider the facts and circumstances giving rise to the Motion in the manner most favorable to the Plaintiff, as the party against whom the Motion is directed. Servo Kinetics, Inc. v. Tokyo Precision Instruments, 475 F.3d 783, 790 (6th Cir. 2007).

2

Opportunity ("EEO") representative to initiate the process which led to the filing of an official EEO complaint for disability discrimination, on June 27, 2003, and culminated in the filing of this litigation. Doc. #23 (Vacchiano Dep.) at 43-49, Ex. D.

Vacchiano filed the present litigation claiming that the Postmaster discriminated against her, in violation of the Rehabilitation Act, 29 U.S.C. §§ 701-796, and also in retaliation for participating in EEO activity. Doc. #1 (Compl.) at 7-10. Vacchiano testifies that the "sum and substance of [her] claim of discrimination based on disability" consists of the Postmaster's refusal to offer her a job that accommodated her disabilities. Doc. #23 (Vacchiano Dep.) at 50-52. The Postmaster has filed a Motion for Summary Judgment, arguing that Vacchiano did not exhaust her required administrative remedies. Doc. #21. Alternatively, the Postmaster argues that Vacchiano's claims fail because they are dependent on facts that have already been finally and conclusively established in favor of the USPS, in the workers' compensation forum. Id.

The Court will begin with a review of the standard that guides its summary judgment decisions. It will then turn to a consideration of the merits of the Postmaster's Motion for Summary Judgment.

I.  Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party,

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323; see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations, it is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." Mich. Prot. & Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998).

In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990); see also L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992), cert. denied, 506

U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

II. Analysis

The Court will begin with an analysis of the Defendant's argument pertaining to the Plaintiff's failure to exhaust administrative remedies. Having found this argument to be meritorious, as will be more fully described below, the Court finds it unnecessary to analyze the Defendant's alternative argument pertaining to whether the Plaintiff's claims fail, as a matter of law, because the facts have already been finally and conclusively established in favor of the Defendant, in the workers' compensation forum.

A. Legal Exhaustion Standards under Rehabilitation Act

"The Rehabilitation Act of 1973 prohibits discrimination . . . in employment against disabled persons by federal agencies." Hiler v. Brown, 177 F.3d 542, 545 (6th Cir. 1999) (citing 29 U.S.C. §§ 791, 794 (1994)); Smith v. United States

6

Postal Serv., 742 F.2d 257, 259 (6th Cir. 1984)); see also 29 C.F.R. § 1614.101(a). Further, the Rehabilitation Act's anti-retaliation provision, which incorporates the provisions of the ADA, provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. 12203(a); see also 29 U.S.C. § 794(a), (d); Hiler, 177 F.3d at 545; 29 C.F.R. § 1614.101(b).

Plaintiffs bringing claims under the Rehabilitation Act must exhaust the administrative remedies available to them, prior to filing suit in a federal court. Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir. 1992); see also Mickulicz v. Garthwait, 2000 U.S. App. LEXIS 22248, ** 2-3 (6th Cir. Aug. 22, 2000). "The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, 'the preferred means for resolving employment discrimination disputes.'" Haithcock, 958 F.2d at 675 (quoting Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984) & citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S. Ct. 1011 (1974)). Courts have thus held that an employee who does not initially follow the administrative steps outlined in the Code and Regulations is precluded from bringing an action before a federal court. E.g., Tisdale v. Fed. Express Corp., 415

7

F.3d 516, 527 (6th Cir. 2005). These rules also apply to retaliation claims that are based on conduct that occurred before the filing of the original charge.[3] Id.

As the Sixth Circuit has recognized, the administrative procedures provided by the Rehabilitation Act require an employee to:

> (1) initially present a grievance to an EEOC counselor within 45 days of the alleged offense, which begins the informal "counseling" stage of the administrative proceeding, 29 C.F.R. §1614.105(a)(1);
>
> (2) subsequently, if informal "counseling" fails to resolve the conflict, the complainant must file a formal written charge of discrimination with the Postal Service within 15 calendar days of receipt of written notice from the agency that the "counseling" segment of the administrative process has ended, 29 C.F.R. § 1614.106(b); and
>
> (3) if, following the aggrieved's formal written charge of discrimination and subsequent administrative proceedings, the agency's final administrative adjudication is adverse to the grievant, initiate any judicial contest of that decision within 90 days following notice thereof, 42 U.S.C. § 2000e-16(c).

King v. Henderson, 2000 U.S. App. LEXIS 24873, at *2 n.2 (6th Cir. Sept. 27, 2000); see also 29 C.F.R. § 1614.407(a) (as to third step, applicable to not only Title VII claims, but also to claims brought under the Rehabilitation Act).[4] As to when the limitations period begins to run on a claim for employment discrimination,

---

[3] In contrast, plaintiffs are not required to exhaust administrative procedures for "retaliation claims based on conduct that occurs after the filing of the EEOC charge," given that those claims "can be reasonably expected to grow out of the charge." Strouss v. Mich. Dep't of Corr., 250 F.3d 336, 342 (6th Cir. Mich. 2001) (citation omitted).

[4] If final action has not been taken, an individual may file a civil action in an appropriate United States District Court after 180 days from the date of filing of his complaint with the USPS. 29 C.F.R. § 1614.407(b).

the Sixth Circuit has held it does not begin to run "until an employer makes and communicates a final decision to the employee." Eeoc v. Ups, 249 F.3d 557, 561-62 (6th Cir. 2001) (citing Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980)). "Once the employee is aware or reasonably should be aware of the employer's decision, the limitations period commences." Id. at 562 (citing Delaware, 449 U.S. at 258; Dixon v. Anderson, 928 F.2d 212, 218 (6th Cir. 1991)).

B. Whether Plaintiff Exhausted Her Administrative Remedies

The Defendant moves for summary judgment, arguing that the Plaintiff did not exhaust her administrative remedies, given that she did not initially consult with the EEO counselor until April 18, 2003, yet the USPS offered her the two new positions (which the Plaintiff alleges did not accommodate her disabilities and which action she testifies is the genesis of the present litigation) on May 23, 2000, and on May 4, 2001. Although the Plaintiff filed a responsive memorandum, she does not address the Defendant's failure to exhaust argument therein. See Doc. #25.[5] Therefore, the Court will proceed with a consideration of the question

---

[5]In her responsive memorandum, the Plaintiff argues that there are genuine issues of material fact, which are pertinent to the resolution of the claims set forth in her Complaint, regarding whether the USPS breached a 1991 (and/or possibly 1994) settlement agreement, whether the job offers were suitable and conformed to her medical restrictions, and whether she had just cause for her refusal to accept the positions. Doc. #25. To the extent these issues are relevant to the claims set forth in the Complaint, the Court cannot reach them unless it first concludes that the Plaintiff exhausted her mandated administrative remedies.

presented by the Defendant, without considering an opposing argument from the Plaintiff.

As the Defendant correctly points out, in order to satisfy the 45 day requirement, the Plaintiff must set forth facts to demonstrate that her EEO consultation on April 18, 2003, was in relation to an employment decision of which the Plaintiff became aware, or reasonably should have become aware, no more than 45 days preceding that date, or March 4, 2003. The Plaintiff has set forth no such evidence.[6] In contrast, the Defendant has put forth unrebutted evidence to indicate that the Plaintiff was aware of the original job offer on May 23, 2000, and of the alternative job offer on May 4, 2001. To the extent the Plaintiff might argue that she was unaware that these job offers were as a result of "final decisions", the Defendant offers evidence to rebut such a contention. In February 2002, the Plaintiff was in receipt of notification (through the OWCP) that the USPS had informed the OWCP that it had made the subject job offers to the

---

[6] In her Complaint, the Plaintiff states that "the retaliation included events, which occurred on March 8th, 2003, when Ms. Vacchiano received notification that the United States Postal Service refused to accommodate her medical restrictions and downgraded her position because of those medical restrictions." Doc. #1 ¶ 4. As further explanation of the May 8 date, the Complaint asserts that "[i]n mid-May, 2002, Ms. Vacchiano responded that the agency should provide a job assignment, which was consistent with the 1991 Settlement Agreement. As of March 08, 2003, Ms. Vacchiano learned from another agency that the job assignment remained the same and unchanged." Id. ¶ 16. In response to the Defendant's Motion for Summary Judgment, the Plaintiff presents no evidence (or arguments) to substantiate these allegations or to refute the evidence presented by the Defendant that the Plaintiff was aware of the employment decisions about which she complains considerably earlier than March 4, 2003.

10

Plaintiff, which were the basis of the denial of workers' compensation benefits. Given such representation by the USPS (and knowledge of the same by the Plaintiff), it can hardly be argued that the job offers were not "final decisions".

Because the Plaintiff has set forth no evidence to rebut this evidence, there is no genuine issue of material fact as to whether she exhausted the mandated administrative remedies. Therefore, the Defendant's Motion for Summary Judgment (Doc. #21) is SUSTAINED.

III. Conclusion

Defendant Postmaster's Motion for Summary Judgment (Doc. #21) is SUSTAINED, in its entirety. The Court having sustained the Postmaster's Motion for Summary Judgment and having previously dismissed all claims against the other three Defendants to this litigation (the United States Postal Service, Terri J. Scott and Patricia Short) (Doc. #14), it OVERRULES the Joint Motion to Continue Trial (Doc. #31), as moot.

The Court orders judgment to be entered on behalf of all Defendants and against the Plaintiff.

The above captioned cause is hereby ordered terminated upon the docket

records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 1, 2010

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record